### CORY v. PHYSICAL CULTURE HOTEL, Inc.

### No. 1884.

District Court, W. D. New York.

May 15, 1936.

John S. Powers, of Buffalo, N. Y., for complainant.

Mayer C. Goldman, of New York City, for defendant.

RIPPEY, District Judge.

Decision was made in this case April 22, 1936, at which time a question of allowance of counsel fee for the complainant was reserved. 14 F.Supp. 977. The matter has now come on by motion.

In my decision of the case I stated: "The case is in some respects novel and was difficult and extraordinary, requiring careful, extended and painstaking preparation, original investigation and exploration of a subject in certain aspects with few landmarks for guidance."

On the argument the parties agreed that the action started out as an ordinary copyright case and that the difficult features of the case requiring special preparation arose by virtue of the defenses that were set up in the answer. In any case, even though not out of the ordinary, when not brought by or against the United States or any officer thereof, full costs must be allowed and the court may award to the prevailing party a reasonable attorney's fee as part of the costs (17 U.S.C.A. § 40). It was found as a fact in this case that there were seven separate infringements. A maximum amount might have been allowed, in the court's discretion, of $35,000. The court felt that under the circumstances in this particular case and under the facts found the plaintiff should have an award of $5,000. I had assumed that the plaintiff would be required out of such an award or otherwise to pay his counsel a very substantial sum for services, for counsel is entitled to a substantial sum for his legal services in the successful prosecution of this case. Upon the motion for costs, plaintiff's counsel sets up a detailed statement of services rendered and indicates that if he were reasonably compensated by his client there would be nothing left out of the award. The defendant in this case was not an innocent infringer. I have found that: "There was a clear, intentional, deliberate and willful appropriation and use of plaintiff's copyrighted photograph by the defendant with full advance knowledge of plaintiff's rights therein and with a deliberate and contemptuous disregard of those rights. Defendant's conduct preliminary to and during the pendency of the suit not only held plaintiff up to ridicule and humiliation in the community in which he lives, but spotted him as a pirate and a deliberate and willful wrongdoer."

Defendant used this photograph over 1,700,000 times. The statement of Judge Hutcheson in Warren v. White & Wyckoff Mfg. Co. (D.C.) 39 F.(2d) 922, 923, seems to be quite appropriate. He says: "As a result of this unaccountable and inexcusable copying, plaintiff has found it necessary to institute this suit to bring the defendant to book, and it seems to me that,

the defendant having led the plaintiff a dance over the matter, it, and not the plaintiff, ought to be made to pay the fiddlers and the scot."

The plaintiff may tax a full bill of costs and include therein the sum of $2,500, which I fix as a reasonable allowance for counsel fee within the meaning of section 40, title 17 of the United States Code Annotated. In my opinion such sum will not compensate the plaintiff for the amount which he will be required to pay to his counsel for legal services in this case, for the services are in fact worth a much larger sum.

Defendant has also moved for a stay of execution after entry of judgment to enable it to perfect its appeal. On the argument plaintiff's counsel stated that he would not issue execution if defendant would promptly perfect his appeal and file proper bond. Under those circumstances, it will be assumed by the court that plaintiff will not issue an execution upon the judgment which he may enter herein without giving to defendant's counsel at least three days' notice of his proposal so to do.